UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA R. NELKIN,

    Plaintiff,                                                  Civil Action No. 17-CV-10049

vs.                                                            HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entries 16 and 17]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in August 2015 (Tr. 289-305) and issued a decision denying benefits in October 2015 (Tr. 278-85). This became defendant's final decision in November 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-4).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

> Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

Plaintiff was 53 years old at the time of the ALJ's decision (Tr. 294). She has some college education and work experience as a teacher's aide (Tr. 302). Plaintiff claims she has been disabled since November 1, 2012 (Tr. 370) due to bilateral knee arthritis, a pinched nerve in her lower back, and a degenerative disc disorder (Tr. 295, 370, 391). The ALJ found that between the alleged disability onset date and the date her insured status expired (June 30, 2013) plaintiff was not disabled under the act because "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment" (Tr. 283, 285).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the administrative decision in this matter is not supported by substantial evidence because the ALJ improperly disposed of plaintiff's application at Step Two of the evaluation process. As this Court has explained,

> [a]t Step Two of the sequential evaluation process, Plaintiff was

> required to show that she suffered from a severe impairment. A severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities, defined as the physical or mental abilities and aptitudes necessary to perform most jobs, includes the ability to walk; stand; sit; lift; push; pull; reach; carry; handle; see; hear; speak; understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The Sixth Circuit court has determined that the step-two requirement serves as a "de minimus" threshold hurdle in the disability process. *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir.1988). The inquiry at step two functions as an "administrative convenience to screen out claims that are totally groundless" from a medical perspective. *Id.* at 863 (citation omitted). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985) (citation omitted). "Under this standard, the question . . . is whether there is substantial evidence in the record supporting the ALJ's finding that [the plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Id.*

*Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *3 (E.D. Mich. Feb. 17, 2016), report and recommendation adopted, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016).

In the present case, the ALJ clearly erred in finding that "no medical signs or laboratory findings" support the existence of plaintiff's knee and back impairments prior to the expiration of her insured status in June 2013. An MRI of plaintiff's lumbar spine in December 2011 found significant abnormalities, including degenerative disc disease at L3-L4 and L4-L5; "radial disc tear and small posterolateral disc herniation towards the right" at L4-L5; moderate central spinal canal stenosis at L4-L5; and disc protrusion at L4-S1 "likely affecting the L5 nerve roots" (Tr. 457).

3

The same month, an EMG and nerve conduction studies showed "evidence of an acute right L3 radiculopathy" (Tr. 447). A physician noted in November 2011 that plaintiff was having "quite a bit of pain in her knees" and that x-rays showed "rather severe osteoarthritis" (Tr. 443). The following month, another physician diagnosed "[p]an compartment osteoarthritis, bilateral knees" and noted that plaintiff had "back pain radiating down her feet" (Tr. 442). Plaintiff received Lidocaine injections in her knees in late 2011 and early 2012 (Tr. 438-42, 444). Under these circumstances, the ALJ plainly erred in characterizing plaintiff's back and knee impairments as "conditions [that] are not medically determinable" and denying her application "at step II of the evaluation process" (Tr. 284). It simply cannot be said that plaintiff's impairments are "slight" and have only a minimal effect on her ability to work. On remand, the ALJ must proceed past "Step Two" of the evaluation process.

On remand, the ALJ must also correct another error – namely, his failure to consider the effect, if any, of plaintiff's obesity on her other impairments. Plaintiff testified that she is 5'-6" tall and weighs "close to 300" (Tr. 294), which yields a body-mass index ("BMI") of 48.4. *See* https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm. Under SSR 02-1p, an adult with a BMI of 30 or above is considered to be obese, and an ALJ must consider a disability claimant's obesity at all steps of the sequential process. Further,

> [o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity,

4

> adjudicators *must consider* any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q (emphasis added).

In the present case, there is no indication that the ALJ gave any consideration to plaintiff's obesity. At the hearing, the ALJ did not ask plaintiff if or how her weight affects her other impairments or her ability to work, and in his written decision the ALJ did not mention plaintiff's obesity at all. On remand, the ALJ must make specific findings as to the effect, if any, of plaintiff's obesity on her other impairments and on her ability to sit, stand, walk, or concentrate. The ALJ must include any such findings in evaluating plaintiff's residual functional capacity and, as appropriate, in framing proper hypothetical question(s) to a vocational expert.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to correct the errors noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above. This is a sentence four remand under § 405(g).

Dated: June 9, 2017  
      Detroit, Michigan

S/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE